UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FLOYD PATTERSON and DARLENE PATTERSON,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF WYOMING; STEPHEN RELLINGER, individually and in his official capacity; and MARGARET MCKINNON, individually and in her official capacity.<br><br>    Defendants. | Case No. 1:18-cv-27<br><br>Hon. Gordon J. Quist |

## JOINT STATUS REPORT

The parties submit the following Joint Status Report for consideration at the Rule 16 Scheduling Conference, which is scheduled for February 27, 2018 at 11:00 a.m. Appearing for the parties as counsel will be:

| **Attorney Name** | **Appearing on Behalf of** |
|---|---|
| Theodore J. Westbrook | Plaintiffs |
| Jack R. Sluiter | Defendants |
| Paul G. Van Gessel | Defendants |

    1.    <u>Jurisdiction</u>: Plaintiffs allege that the Court's jurisdiction in based on 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    2.    <u>Jury or Non-Jury</u>: This case is to be tried before a jury.

3. <u>Judicial Availability</u>: Plaintiffs do not agree to, but Defendants do not object to, having a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>: This case involves:

   a. <u>Plaintiffs' brief description of the claims</u>: Defendants Stephen Rellinger and Margaret McKinnon, officers of the City of Wyoming Police Department, violated Plaintiffs' constitutionally protected civil rights when they entered onto Plaintiffs' residential property and affirmatively assisted in the private repossession of Plaintiffs' automobile. No court order or any other legal process allowed Defendants to do so, and the private repossession was itself unlawful. Officers Rellinger and McKinnon violated Plaintiffs' Fourth and Fourteenth Amendment rights to be free from unreasonable seizures of their property and to due process, and are liable under 42 U.S.C. §§ 1983 and 1988. The City's liability is based on its policy or custom of responding to calls by persons engaged in private repossessions by dispatching officers to assist in such repossessions, as took place in this instance.

   b. <u>Defendants' defenses</u>: Defendants McKinnon and Rellinger were dispatched to Plaintiffs' residence in response to a call from the tow truck driver attempting a private repossession of Plaintiffs' vehicle that Plaintiff Floyd Patterson was threatening to assault him and was physically interfering with his attempts to attach the vehicle the vehicle to his truck. The officers reviewed the repossession documentation which appeared to be in order on its face and advised Plaintiffs

that the driver was authorized to repossess the vehicle. The officers then stood by to maintain the peace. The City does not have a policy or custom to dispatch officers to assist with private repossession absent a potential breach of the peace, as existed in this case. Defendants are entitled to qualified immunity against Plaintiffs' claims.

5. <u>Prospects of Settlement:</u> The status of settlement negotiations is: The parties have not engaged in settlement negotiations to date.

6. <u>Pendent State Claims</u>: Plaintiffs assert that this case does not include pendent state claims. Defendants believe there may be pendent state claims.

7. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by March 27, 2018.

8. <u>Disclosures and Exchanges</u>:

(a) The parties propose the following schedule for Rule 26(a)(1) disclosures: by Plaintiffs by March 30, 2018 and by Defendants by March 30, 2018.

(b) Plaintiffs expect to be able to furnish the names of Plaintiffs' expert witness(es) by March 30, 2018. Defendants expect to be able to furnish the names of Defendants' expert witness(es) by April 30, 2018

(c) It would be advisable in this case to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports should be exchanged according to the following schedule: by Plaintiffs on or before April 30, 2018; by Defendants, on or before May 30, 2018.

(d) The parties have agreed to make available the following documents without the need of a formal request for production: the parties are unable to agree on voluntary production at this time.

9. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by August 27, 2018. The parties recommend the following discovery plan:

   **(i) Interrogatories**

   At this time, the parties do not anticipate serving more than twenty-five (25) interrogatories per party, including subparts, without leave of the Court or by further agreement.

   **(ii) Depositions**

   The parties do not anticipate deposing more than five (5) individuals per party, and do not expect any deposition to last longer than the seven (7) hour limitation imposed by Federal Rule of Civil Procedure 30(d)(2). The parties, however, reserve the right to seek application for relief from these discovery limitations.

   **(iii) Requests for Admission**

   The parties do not believe a limitation on the number of requests for admission would be appropriate or productive in this case.

   **(iv) Other Limitations**

   The parties do not believe staging of discovery by topic or other limitations would be appropriate or productive in this case.

10. <u>Disclosure or Discovery of Electronically Stored Information</u>:

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties agree to produce PDF or paper copies

4

of all reasonably accessible electronically stored information, in compliance with Fed. R. Civ. P. 26(B)(2)(b). To the extent warranted by the nature of the electronic documents and the information sought to be discovered, the parties agree to make available native-format electronic documents which are responsive and otherwise discoverable. The parties further agree to take all reasonable steps to preserve electronically stored information.

11. <u>Assertion of Claims of Privilege or Work-Product Immunity After Production</u>:

If information produced in this action is subject to a claim of privilege or of protection as work product, the party making the claim of privilege or work-product immunity (hereafter, "claim") may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

12. <u>Motions</u>:  The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good-faith effort to resolve the dispute. In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

Plaintiffs – Rule 56 motion for partial summary judgment as to Defendants' liability.

Defendants – Rule 56 motion for summary judgment as to Plaintiffs' claims.

The parties anticipate that all dispositive motions will be filed by September 26, 2018.

13. <u>Alternative Dispute Resolution</u>: In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution. The parties recommend that this case be submitted to the following method of ADR: magistrate settlement conference pursuant to L. Civ. R. 16.8. Discovery may not be needed prior to submission of this case to ADR. As such, the parties recommend ADR to take place at an early practicable time not later than April 30, 2018.

14. <u>Length of Trial</u>: Counsel estimate the trial will last approximately 3 days total, allocated as follows: 1.5 days for Plaintiffs' case and 1.5 days for Defendants' case.

15. <u>Electronic Document Filing System</u>: Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule. *Pro se* parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules. Counsel opposing a *pro se* party must <u>file</u> documents electronically but <u>serve</u> *pro se* parties with paper documents in the traditional manner.

16. <u>Other</u>: The parties are aware of no additional special characteristics at this time.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 22, 2018 | /s/Theodore J. Westbrook<br>Theodore J. Westbrook (P70834)<br>**Westbrook Law PLLC**<br>Attorney for Plaintiffs<br>6140 28th St. SE, Suite 115<br>Grand Rapids, MI 49546<br>(616) 288-9548 |
| Dated: February 22, 2018 | /s/Jack R. Sluiter<br>Jack R. Sluiter (P20596)<br><br>/s/Paul G. Van Gessel<br>Paul G. Van Gessel (P33934)<br>**Sluiter, Van Gessel & Carlson, PC**<br>Attorneys for Defendants<br>1799 R W Berends Dr. SW<br>Wyoming, MI 49519<br>(616) 531-5080 |